## McDONALD v. PRIOLEAU.

*(District Court, D. South Carolina.  January 14, 1891.)*

ADMIRALTY—JURISDICTION—STATE STATUTE.
  The district court has jurisdiction of a libel against the consignee of a vessel for pilotage, though the consignee is made liable therefor by a state statute of the port where the services were performed.

In Admiralty.  Libel *in personam* for pilotage fees.

*I. P. K. Bryan,* for libelant.

*E. H. Prioleau, in pro. per.*

SIMONTON, J.  McDonald was a licensed pilot on the bar of Charleston. He boarded and brought in the Spanish steam-ship Borinquin. After the steam-ship got into port another pilot claimed that, under the pilotage regulations of the port, he should properly have acted as her pilot, and he made a demand for the fees. Some discussion was had before the commissioners of pilotage, with what result does not appear. The matter was not adjusted before the steam-ship left the port. The respondent, being her consignee, retained in his hands a sum of money sufficient to pay the inward and outward pilotage. The libel seeks the recovery of this sum. The libelant, having brought the vessel in, had

the exclusive right to take her out, unless some reason to the contrary is shown. Gen. St. S. C. § 1274. The consignee is liable for pilotage fees, as well as the master and owners. Id. § 1280. The respondent admits that he has the money on hand, disclaims all interest in the question, and has paid the money into the registery of this court. Libelant proposes an order for the payment of the money to him. No one has intervened or objected.

The liability of the consignee is created by a state statute. Has this court jurisdiction as against the consignee? Claims for pilotage services without doubt are cases of admiralty jurisdiction. The *George S. Wright*, Deady, 591. Courts of admiralty enforce provisions of state statutes which fix the amount of pilotage fees, and recognize and enforce provisions giving fees for services offered and refused, and so not performed. *Steam-Ship Co.* v. *Joliffe*, 2 Wall. 456; *Wilson* v. *McNamee*, 102 U. S. 572. So, also, when district courts of the United States have jurisdiction of a contract as a maritime one, they may enforce a lien given for its security, created by a state statute, although such lien would not exist under the general maritime law. The jurisdiction in admiralty in matters of contract depends not on the character of the parties, but on the character of the contract, whether it be maritime or not. Hen. Adm. 319. The state law makes the consignee liable upon the contract for pilotage, as well as the master or owner. This is a wise regulation, as it secures against any unexpected departure of the vessel. It, however, would not affect the jurisdiction of this court. In *Ex parte McNiel*, 13 Wall. 243, the court say:

"A state law may give a substantial right of such a character that, when there is no impediment arising from the residence of the parties, the right may be enforced in a federal tribunal, whether it be a court of equity, admiralty, or of common law. The statute in such case does not confer jurisdiction; that exists already. It is invoked to give effect to the right by applying the appropriate remedy. * * * In no class of cases has the application of this principle been sustained more frequently than in those of admiralty and maritime jurisdiction."

Assuming jurisdiction, the court can see no reason for refusing the order asked for. No one else claims the money. Nothing has been disclosed depriving libelant of his right under the state statute. Let the proper order be entered.